(21 App. Div. 521.)

BURNS v. SECOND AVE. RY. CO.

(Supreme Court, Appellate Division, First Department. November 5, 1897.)

STREET RAILROADS—INJURY TO PERSON IN STREET.

While plaintiff's intestate was at work in a trench under defendant's car tracks in a city street, the driver of one of its cars, on approaching the excavation, unhitched his horses and drove them along one end of the trench, while the car passed over with the headway already gained. One of the horses fell into the trench, and plaintiff's intestate, in an effort to escape, came into contact with the moving car, and was injured. *Held,* that both the question of freedom from contributory negligence and of defendant's negligence should have been submitted to the jury.

Appeal from trial term.

Action by John Burns, as administrator of William Burns, deceased, against the Second Avenue Railway Company. From a judgment in favor of defendant, entered on an order dismissing plaintiff's complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

William E. Wyatt, for appellant.
Payson Merrill, for respondent.

WILLIAMS, J.   The action was brought to recover damages resulting from the death of plaintiff's intestate alleged to have been caused by the negligence of defendant.   The complaint was dismissed at the close of the plaintiff's evidence.   No evidence was given on the part of the defendant.   The motion was made upon the grounds that there was no evidence of negligence on the part of the defendant, and no evidence of absence of contributory negligence on the part of the plaintiff's intestate.   The court based its decision upon the latter ground, contributory negligence.   To maintain the action, however, it was necessary for the plaintiff to establish both of these elements of his cause of action,—to give such evidence as, uncontradicted, would have authorized the jury to find in plaintiff's favor both the negligence of the defendant and the absence of contributory negligence on the part of the plaintiff's intestate.   Upon the evidence given on the trial the jury would have been justified in finding the following facts:   The accident occurred September 8, 1896, at First avenue and Ninety-Eighth street, New York City, at half past 10 o'clock in the forenoon.   The defendant was operating a street railroad along First avenue with horse power, having two tracks in the street, the easterly track used for north-bound cars, and the westerly track for south-bound cars.   The plaintiff's intestate was a foreman in the employ of Patrick B. Ryan, a contractor, and engaged in laying a gas main across First avenue.   This work was being done under a permit from the city, and under the supervision of an inspector.   On the morning of the accident, at 7 o'clock, the workmen began opening the trench, and opened it from a point 2, 3, or 5 feet east of the easterly track, across under the easterly track, and for about 2½ feet west of the easterly track, which was within about 2 or 2½ feet of the westerly track, and the trench was about 3 or 3½ feet deep.   From the westerly end of this trench there was a tunnel under the westerly track, but the surface of the ground was not disturbed in this place.   The horses attached to the street cars could not cross over this trench along the easterly track, but they could pass along the westerly track, over the tunnel thereunder.   This condition of things was visible and apparent to all persons passing by the place.   The plaintiff's intestate and one of his men were down in the trench, just west of the easterly track, at work on the pipe, when the car approached from the south, on the easterly track, on the occasion of the accident.   As the car approached the trench the driver kept it in motion, so that it would, when the horses were

detached, pass along over the trench without the necessity of pushing it over by hand.  He turned his horses to the west, detached them from the car, stepped off the car himself, the car passed on over the trench, and the driver drove his horses past the trench along the westerly track.  As the horses passed by the westerly end of the trench, one of them stepped or slipped into the westerly end of the trench, and the plaintiff's intestate and his assistant, to avoid the horse, jumped easterly along the trench, and both came in contact with the car that was at the moment passing by.  The plaintiff's intestate received such injuries from his contact with the car as caused his death.  His assistant was not seriously injured.  Upon these facts it could not be said, as a matter of law, that the plaintiff's intestate was guilty of contributory negligence.  There was a legal right to open the trench and lay the pipe across the avenue under the defendant's tracks.  The plaintiff's intestate had a legal right to work in the trench.  The defendant had a right to cross the trench with its cars, and to drive its horses around the trench while its cars passed over it.  The plaintiff's intestate was chargeable with notice that the car in question was approaching, and the car driver saw and knew the trench was open and plaintiff's intestate was at work in it.  The plaintiff's intestate was under obligation to exercise such care and caution to avoid injury from the passing car and horses as an ordinarily careful and prudent person, under all circumstances surrounding him, would have exercised.  Whether he did this or not at the time of the accident was a question for the jury, and not for the court.  Whether he should have left the trench as the car and horses approached, or whether he might remain in the trench, by the exercise of ordinary prudence, was a question for the jury.  The car was not apparently moving rapidly, and he would have had no difficulty in avoiding contact with it, if there was no other interference with the trench by the defendant to disturb him.  He could not have foreseen that, at the precise moment the car was passing, the horses would be driven so close to the other end of the trench that one of them would step or slip into it.  This stepping or slipping of the horse into the trench was apparently a surprise to him; and it was this unexpected occurrence that threw him off his guard, and induced him to forget the car for the moment, or, at least, to jump involuntarily away from the horse and the injury he feared from that direction, and to come in contact with the car.  It was for the jury, and not for the court, under these circumstances, to determine whether he was guilty of contributory negligence.  The court was clearly in error in taking this question from the jury, and deciding it itself.

It was, however, contended upon this appeal that there was no proof of negligence on the part of the defendant.  It was certainly the duty of the defendant's driver to exercise ordinary care to avoid injury to the plaintiff's intestate, who was in the trench,—such care as, under the circumstances, would give reasonable assurance of safety.  The condition of things was visible and apparent to him.  The car was passing over the trench just east of the plaintiff's intestate.  He had room enough to avoid contact with the car if he was not pressed upon by the horses at the westerly end of the trench.

Assuming there was no negligence in allowing the car to run over the trench without stopping it, assuming there was no negligence in turning the horses when detached from the car to the west rather than to the east, and driving them along the westerly track rather than to the east of the easterly track and the trench, still there was abundant room for the horses to pass by without stepping or slipping into the trench at its westerly end. There was the whole space, at least, between the rails of the westerly track, and two feet and a half east of such track, for the horses to travel in, and avoid the trench itself. The driver was under obligation to use such care, under the circum- stances, in driving the horses, as should prevent their getting into the trench, and thus endangering the safety of the plaintiff's intestate. Certainly it was for the jury, and not the court, to say whether the driver was not, under the circumstances, guilty of negligence in driv- ing his horses, and allowing one of them to step or slip into the trench. Upon both these elements of the plaintiff's cause of action, therefore, the case was one properly for the jury, and could not be determined by the court.

Our conclusion, therefore, is that the court erred in dismissing the plaintiff's complaint, and the judgment appealed from should be re- versed, and a new trial ordered, with costs of the appeal to the appel- lant to abide event. All concur.